IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COLLEEN M. MONTERREY                                                          PLAINTIFF

VS.                                      CIVIL NO. 06-2155

MICHAEL J. ASTRUE,[1]
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                  DEFENDANT

**MEMORANDUM OPINION**

Susan Shields ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The application for DIB and SSI now before this court were filed on December 6, 2004, alleging an onset date of October 30, 2004, due to anxiety, depression, and difficulty understanding. (Tr. 13). An administrative hearing was held on October 4, 2005. (Tr. 188-221). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was fifty-three years old and possessed an eleventh grade education. (Tr. 13). Records indicate that she has past relevant work ("PRW") experience as a certified nurse's assistant, poultry packer, and poultry grader/trimmer. (Tr. 13).

On November 22, 2005, the Administrative Law Judge ("ALJ"), issued a written opinion

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

finding that, although severe, plaintiff's depression, mold degenerative disc disease, and obesity did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17). After discrediting plaintiff's subjective allegations, the ALJ then concluded that she maintained the residual functional capacity ("RFC"), to perform a significant range of light work, limited by her reduced bilateral grip strength and inability to work near unprotected heights and moving machinery. With the assistance of a vocational expert ("VE"), the ALJ determined that plaintiff could perform work as a housekeeper and cashier. (Tr. 18).

On July 6, 2006, the Appeals Council declined to review this decision. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is ready for decision. (Doc. # 11, 12).

**Evidence Presented:**

In September 1999, plaintiff was treated at Northside Mercy Health Center for complaints of pain in her left arm, elbow and hand. (Tr. 139). Her grip was equal and strong, and there was no loss of sensation. The nurse practitioner diagnosed plaintiff with joint pain in the elbow and prescribed Naproxen. She also referred plaintiff to the Arkansas Worker's Compensation program. (Tr. 139).

On February 23, 2000, plaintiff reported pain and a catching sensation in her right thumb. (Tr. 134). There were small nodules on the later aspect of the right thumb with a visible click. The nurse practitioner recommended Aleve, warm soaks, and joint exercises. She then diagnosed plaintiff with joint strain and possible early arthritis. (Tr. 134).

On February 18, 2005, Dr. Gordon McCraw performed a consultative examination. (Tr. 163-168). Plaintiff reported back pain, poor balance, frequent falls, poor vision, and shortness of breath with exertion. However, a physical examination revealed no abnormalities, aside from a reduced grip strength. Dr. McCraw noted a normal range of motion in all areas, symmetrical reflexes, no motor weakness or sensory abnormalities, and a normal gait. Plaintiff could hold a pen to write, touch fingertips to palms, heel/toe walk, and squat and arise from a squatting position. Further, plaintiff could hear a normal conversation and had normal speech. X-rays revealed only mild degenerative marginal spondylosis at multiple levels but mainly at the L1-2 level. (Tr. 169). Dr. McCraw diagnosed plaintiff with back pain and assessed her with only mild limitations in her ability to walk, stand, sit, lift, carry, handle, finger, see, hear, and speak. (Tr. 168).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and

3

one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

We first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff has alleged a variety of disabling physical impairments, including depression, anxiety, obesity, pain, and difficulty understanding. We note, however, that the medical records in evidence reveal that she only sought medical treatment for related conditions on two occasions. *See Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). Further, when she underwent a consultative examination with Dr. McCraw in 2005, the doctor found no evidence of psychosis or a serious mood disorder and assessed her as having only mild limitations resulting from back pain. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider); *Matthews v. Bowen,* 879 F.2d 422, 425 (8th Cir. 1989) (medical reports showing only minimal back problem allowed ALJ to

discount claimant's subjective complaints of disabling back pain).

Likewise, plaintiff's condition has not necessitated hospitalization or emergency medical care. *See Gowel v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (holding fact that physician prescribed conservative treatment weighed against plaintiff's subjective complaints). In fact, on the two occasions in which plaintiff was treated for pain, she was prescribed Naproxen and Aleve. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993) (pain which can be remedied or controlled with over-the-counter analgesics normally will not support a finding of disability). Had her pain been as severe as alleged, we believe plaintiff's doctors would have prescribed strong pain medication.

Although plaintiff contends that she failed to seek consistent medical treatment due to her financial situation, we can find no evidence to support this allegation. Plaintiff contends that she was denied further treatment at the Good Samaritan clinic because she is Indian and was told to seek treatment at the Indian clinics in Oklahoma. (Tr. 204-205). It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *See Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). However, it is also true that plaintiff's attempts to excuse her failure to pursue more aggressive treatment cannot be wholly excused due to her claims of financial hardship. There is no evidence in the record to suggest that plaintiff was denied treatment based on her lack of finances or that she attempted to obtain medical treatment from other local indigent clinics. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir.1992) (rejecting claim of financial hardship where there was no evidence that claimant attempted to obtain low cost medical

6

treatment or that claimant had been denied care because of her poverty); *Hutsell v. Sullivan,* 892 F.2d 747, 750 n. 2 (8th Cir.1989) (noting that "lack of means to pay for medical services does not *ipso facto* preclude the Secretary from considering the failure to seek medical attention in credibility determinations.") (internal quotations omitted).

Plaintiff's own reports concerning her activities of daily living also contradict her claim of disability. Plaintiff reported an ability to care for her personal hygiene, clean house, cook, go to church, change the cat litter, feed the cat, sew, iron, shop for food and clothes, read, and watch television. (Tr. 86-93). *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated her pain did not interfere with her ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

Therefore, although it is clear that plaintiff suffers with some degree of pain, she has not established that she is unable to engage in any gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d at 1213 (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning her daily activities support plaintiff's

contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

Plaintiff also contends that the ALJ erred in finding that she maintained the RFC to perform a significant range of light work. It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The United States Court of Appeals for the Eighth Circuit has also stated that a "claimant's residual functional capacity is a medical question," *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000), and thus, "some medical evidence," *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam ), must support the determination of the plaintiff's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace." *Nevland v. Apfel*, 2 04 F.3d 853, 858 (8th Cir. 2000). Therefore, in evaluating the plaintiff's RFC, *see* 20 C.F.R. § 404.1545(c), while not limited to considering medical evidence, an ALJ is required to consider at least some supporting evidence from a professional. *Cf. Nevland v. Apfel*, 204 F.3d at 858; *Ford v. Secretary of Health and Human Servs.*, 662 F. Supp. 954, 955, 956 (W.D. Ark.1987) (RFC was "medical question,"and medical evidence was required to establish how claimant's heart attacks affected his RFC).

In the present case, the ALJ considered the medical assessment of a non-examining agency medical consultant, plaintiff's subjective complaints, and her medical records. On March 4, 2005, Dr. S. Owens, a non-examining, consultative examiner, completed an RFC assessment of plaintiff. (Tr. 170-178). After reviewing plaintiff's medical records, he concluded that plaintiff could lift twenty-five pounds frequently and fifty pounds occasionally, as well as sit, stand, and walk

AO72A
(Rev. 8/82)

Case 2:06-cv-02155-JRM   Document 13    Filed 07/06/07   Page 9 of 10 PageID #: 72

approximately six hours during an eight-hour workday. (Tr. 171). We note, however, that the ALJ's RFC assessment is more restrictive than this one. In fact, the ALJ concluded that plaintiff could only perform a significant range of light work.

Following an independent review of the record in this matter, we find substantial evidence to support the ALJ's conclusion that plaintiff has the residual functional capacity to perform a significant range of light work with the limitations enumerated by the ALJ. While we note plaintiff's contention that the ALJ erred by failing to include his determination that she had moderate mental limitations and had experienced one or two episodes of decompensation in his RFC assessment, we can not find any evidence to establish that plaintiff's mental impairments rose to this level. In fact, there is no evidence to show that she sought treatment from a mental health specialist at any time relevant to the case currently pending before the court. *See Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain). Therefore, the ALJ's failure to include this in his RFC assessment does not constitute error.

We also find that substantial evidence supports the ALJ's finding that plaintiff can perform the positions of housekeeper and cashier. The ALJ asked the VE to consider a person who can lift and carry 20 pounds occasionally and 10 pounds frequently and can push and pull within those limits; can stand and walk for up to six hours per day; can sit for up to six hours per day; has reduced grip strength, which contributes to her lifting limitation; and needs to avoid unprotected heights and machinery. (Tr. 217). The VE testified that she would not be able to return to her PRW. However, the VE determined that plaintiff could work as a housekeeper, of which there are 600 jobs in the local economy, 7,600 jobs in Arkansas, and 500,000 in the national economy; and as a cashier, of

9

which there are 1,600 jobs in the local economy, 2,200 in Arkansas, and 3,000,000 in the national economy. (Tr. 218). After reviewing the evidence of record, we find that the hypothetical question posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, we find substantial evidence to support the ALJ's determination that plaintiff could return to her past relevant work.

Lastly, we address plaintiff's complaint that the ALJ failed to fully and properly develop the record. Specifically, she contends that the ALJ erred by failing to send plaintiff for consultative exams. However, as previously discussed, the evidence does not indicate that further consultative exams are necessary. As such, the ALJ's RFC determination should stand.

**Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 6th day of July 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)